**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CURTIS L. DOWNING, | ) |
| Petitioner, | ) Case No. 2:13-cv-01576-JAD-VCF |
| vs. | ) **ORDER** |
| ATTORNEY GENERAL, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On October 23, 2013, the Court entered an order requiring petitioner to pay the $5.00 filing fee for this action within thirty days. (Doc. 2). On November 26, 2013, the Court granted petitioner's motion for an extension of time to pay the filing fee. (Doc. 4). Pursuant to the Court's order of November 26, 2013, the filing fee was due within thirty days from the date of entry of the order. (*Id.*). The allowed time period has now expired, and petitioner has not paid the filing fee or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local

rules. *See, e.g. Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order)*;* *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at

132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring petitioner to pay the filing fee expressly stated: "Petitioner shall have thirty (30) days from the date this order is entered in which to have the $5.00 filing fee sent to the Clerk. Failure to do so may result in the dismissal of this action." (Doc. 2., at p. 1). Thus, petitioner had adequate warning that dismissal would result from noncompliance with the Court's order.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** based on petitioner's failure to pay the filing fee in compliance with this Court's order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 14th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE

3