UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CURTIS L. DOWNING,

    Petitioner

vs.

BRIAN WILLIAMS et al.,

    Respondents

Case No. 2:13-cv-01576-JAD-VCF

**Order Granting Motion to Dismiss Grounds 2 and 3 [Doc. 11] and Directing Answer**

Nevada state inmate Curtis Downing brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his prison disciplinary proceedings that resulted in a revocation of time credits. Doc. 1-1. Respondents move to dismiss two of his three grounds because they do not state cognizable claims for federal habeas relief. Doc. 11. I grant the motion, dismiss grounds 2 and 3 with prejudice, and direct the respondents to file an answer on ground 1 by September 21, 2015.

### I.    Procedural History

During a prison disciplinary hearing in April of 2009, petitioner was found guilty of a Nevada Department of Corrections (NDOC) major violation, use of intoxicants (MJ 54). Exhibit 19.[1] As a result of the guilty finding, petitioner had his time credits revoked. *Id.*

On April 13, 2010, petitioner filed a habeas petition in the state district court. Exhibits 1 & 2. His appointed counsel filed a supplemental brief. Exhibit 4. On October 25, 2010, the state district court granted the petition, ordered the disciplinary finding reversed, and remanded the matter for a new disciplinary hearing. Exhibit 6. The court further directed the prison to allow petitioner to call the witness of his choice, Keith Beem. *Id.* But after the order was issued, Beam was released from NDOC custody. Exhibit 9. On January 25, 2011, the court ruled that the inability to call Beam

---

[1] The exhibits referenced in this order are found in the court's record at Doc. 13.

1 | because he had been released was not a due process violation but reaffirmed that a new disciplinary
2 | hearing must be held. Exhibits 9 & 10.
3 |     On October 3, 2011, petitioner filed a "motion to supplement order granting petition."
4 | Exhibit 11. A new prison disciplinary hearing was held on November 17, 2011. Exhibits 13 & 14.
5 | The state district court denied petitioner's motion and ruled that petitioner's due process rights were
6 | satisfied at that disciplinary hearing. Exhibits 12 & 14. Petitioner appealed the decision, but the
7 | Nevada Supreme Court dismissed that appeal for lack of jurisdiction on April 11, 2012. Exhibit 15.
8 |     On July 27, 2012, petitioner filed a new petition in state district court challenging his second
9 | disciplinary hearing. Exhibit 16. On January 18, 2013, the state district court denied the petition,
10 | ruling that the second disciplinary cured the due process defects of the first disciplinary hearing.
11 | Exhibit 19. On July 23, 2013, the Nevada Supreme Court affirmed the denial of the petition.
12 | Exhibit 20.
13 |     Petitioner dispatched his federal petition to this Court on August 27, 2013. Doc. 9 at 1.
14 | Respondents move to dismiss Grounds 2 and 3 of the petition for failure to state a cognizable federal
15 | habeas corpus claim. Doc. 11. Petitioner opposes that motion. Doc. 17.

## II.    Discussion

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing Section 2254 Cases requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Claims based on conclusory allegations are not a sufficient basis for federal habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (acknowledging that notice pleading is insufficient to satisfy the specific pleading requirement for federal habeas petitions). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

### A.    Ground 1

In Ground 1, which respondents acknowledge states a cognizable claim, petitioner alleges that he was denied due process during prison disciplinary proceedings that resulted in a revocation of

time credits. Doc. 9 at 3. When a state prisoner challenges the fact or duration of his physical imprisonment, and relief would entitle him to a speedier release from imprisonment, the appropriate remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When a prisoner challenges the deprivation of good-conduct time credits without being afforded minimal due process, he has stated an actionable as a habeas corpus action. *Id.* at 487-88; *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 554-56 (1974). An inmate facing disciplinary hearings may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566.

To satisfy due process in a prison disciplinary proceeding, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witness and present documentary evidence of his defense; and (3) a written statement by a factfinder of the evidence relied on and the reasons for the disciplinary action." *Hill*, 472 U.S. at 454. There must also be "some evidence in the record" supporting the charge. *Id.* at 454-57. The Ninth Circuit has recently recognized that "relief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody," which includes "termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." *Nettles v. Grounds*, 788 F.3d 992, 1001 (9th Cir. 2015) (quoting and citing *Skinner v. Switzer*, 562 U.S. 521, 1299 & n.13 (2011)). Respondents are directed to file an answer in which they analyze Ground 1 under these standards.

### B. Ground 2

In Ground 2, petitioner claims that due process was violated because his time credits were not restored during the period between the reversal of his first disciplinary hearing and the guilty finding of his second disciplinary hearing. Doc. 9 at 5. While the ultimate propriety of the revocation of time credits implicates a liberty interest, the failure to restore credits between the two disciplinary hearings does not. *See Preiser*, 411 U.S. at 500; *see also Wolff*, 418 U.S. at 554-56. Ground 2 is dismissed with prejudice for failure to state a cognizable habeas claim.

### C. Ground 3

In Ground 3, petitioner alleges that, following the second disciplinary hearing and finding of guilt, he did not receive a fair and adequate inmate appeal process. Doc. 9 at 7. An institutional inmate appeal is not a protected due process right, and prisoners have no right to a specific grievance procedure. *See Sandin v. Connor*, 515 U.S. 472, 486 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Ground 3 thus fails to state a cognizable federal habeas corpus claim. It is dismissed with prejudice.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **[Doc. 11] is GRANTED.** Grounds 2 and 3 of the petition are **DISMISSED WITH PREJUDICE** for failure to state a cognizable federal habeas corpus claim.

**IT IS FURTHER ORDERED** that **respondents have until September 21, 2015, to FILE AND SERVE AN ANSWER** to Ground 1 of the petition. **No further motions to dismiss will be entertained**.

**IT IS FURTHER ORDERED** that petitioner will have 30 days after being served with the answer to file a reply.

Dated this 20th day of August, 2015.

_____
Jennifer A. Dorsey
United States District Judge