**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Curtis L. Downing

    Petitioner

v.

Brian Williams, et al.,

    Respondents

2:13-cv-01576-JAD-VCF

**Order of Dismissal**

Petitioner Curtis L. Downing, a prisoner in the custody of the State of Nevada at the Southern Desert Correctional Center (SDCC), brings this habeas action under 28 U.S.C. § 2254 to challenge the revocation of his good-time credits in a prison disciplinary proceeding. After evaluating his claim on the merits, I deny Downing's petition for a writ of habeas corpus, dismiss this action with prejudice, and deny a certificate of appealability.

## Background

During a prison disciplinary proceeding in April 2009, Downing was found to have committed a violation by testing positive for the chemical THC, an indication of marijuana use.[1] Downing wanted to (1) include a statement from a fellow inmate, Keith Beem, claiming that Downing unwittingly ate a dessert with marijuana in it to explain his positive drug test and (2) call Beem as a witness.[2] His request to admit the affidavit was rejected because the hearing officer thought the statement was "farfetched."[3] The proceedings resulted in Downing's loss of sixty-five days of good-time credits.[4] Downing filed a grievance at the SDCC, but it was denied because the

---

[1] *See* Exhibit 4 at 24 (ECF-generated page number). Except as noted, I use the page numbers of the original documents. All Exhibits can be found at ECF No. 13. All quotations and errors therein are as in the original, except as noted.

[2] Exhibit 4 at 32 (ECF-generated page number); *see also* Exhibit 2 at 8; Exhibit 5 at 7.

[3] Exhibit 4 at 24 (ECF-generated page number); *see also* Exhibit 5 at 7.

[4] *See* Exhibit 4 at 38 (ECF-generated page number).

1

warden noted that the process he received was sufficient and reasoned "no harm, no foul" because his alleged explanation involved him admitting to the possession of contraband, which would have resulted in a worse sanction than what Downing received for testing positive for THC.[5]

Downing then filed a habeas petition in Nevada state court.[6] The State defended the hearing officer's decision to reject the affidavit by characterizing the hearing officer's decision not as refusing to consider the affidavit but rather as refusing to believe it and therefore according it little weight.[7] The State then characterized the hearing officer's refusal to let Downing call Beem as falling under the umbrella of "irrelevance" or "lack of necessity" because "the witness would, presumably, testify according to the affidavit . . . already offered."[8] On October 10, 2010, the state court vacated the disciplinary proceedings, remanded, and ordered that Downing should "be allowed to present witness Beem regarding the disciplinary charges."[9] Complying with that mandate, though, wasn't so simple: Beem had been released from custody between the April 2009 disciplinary hearing and the October 2010 remand.[10]

Because of Beem's release and the State's inability to locate him, Downing was unable to call him as a witness.[11] On November 29, 2010, Downing objected to the Nevada state court that issued the remand order under a brief styled a "Motion to Clarify" and requested that the disciplinary hearing be terminated in his favor.[12] The state court rejected Downing's argument and, noting that "attempts have been made to locate [Beem]," held that "the inability to locate Mr. Beem is not a

---

[5] *Id.* at 40.

[6] Exhibit 1 (petition); Exhibit 2 (points and authorities).

[7] *See* Exhibit 5 at 7–8.

[8] *Id.* at 8.

[9] Exhibit 6 at 1.

[10] *See* Exhibit 7 at 2; Exhibit 17 at 17 (ECF-generated page number).

[11] *See* Exhibit 17 at 17 (ECF-generated page number).

[12] *See* Exhibit 7 at 1–2.

violation of due process."[13] On November 17, 2011, Downing had a new disciplinary hearing.[14] On November 21, 2011, the state court held that "[u]pon looking at the reports provided[,] . . . [Downing] received a new disciplinary hearing complying with his due process rights."[15] Downing appealed that decision to the Nevada Supreme Court, which dismissed for lack of jurisdiction for reasons not relevant here.[16]

So Downing filed a new habeas petition in state court alleging that he "still was not allowed to call witnesses."[17] The court found that the State "attempted to locate Beem to no avail, and instead considered his written statement concerning the incident at a new hearing," and it denied the petition.[18] The Nevada Supreme Court affirmed, holding that "[t]he fact that [Downing's] inmate-witness was not available at the time of the hearing did not deprive [Downing] of due process."[19]

Downing then filed a petition for a writ of habeas corpus in this Court.[20] The State filed a motion to dismiss Grounds 2 and 3, which I granted, leaving Ground 1 to stand alone.[21] I now review the merits of that lone claim.

**Standard of review**

When a state court has adjudicated a claim on the merits, the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard for evaluating the state court ruling that is "difficult to meet" and "which demands that state-court decisions be given the benefit

---

[13] Exhibit 9; *see also* Exhibit 10 ("The fact that Mr. Beam was no longer available to testify at a new administrative disciplinary hearing did not violate [Downing's] Due Process Rights.").

[14] *See* Exhibit 14 at 1.

[15] Exhibit 13; *see also* Exhibit 14.

[16] Exhibit 15 at 1–2.

[17] Exhibit 16 at 5.

[18] Exhibit 19 at 2, 4.

[19] Exhibit 20 at 2.

[20] ECF No. 9.

[21] *See* ECF No. 19 at 4.

3

of the doubt."[22] Under this highly deferential standard of review, a federal court may not grant habeas relief merely because it might conclude that the state court decision was incorrect.[23] Instead, under 28 U.S.C. § 2254(d), the court may grant relief only if the state court decision: (1) was either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.[24] The petitioner bears the burden of proving that he is entitled to habeas relief.[25]

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result.[26] A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions.[27] The Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them.[28] And "a federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous."[29] A decision that does not conflict with the reasoning or holdings of Supreme Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the state court's application of Supreme Court precedent to the

---

[22] *Cullen v. Pinholster*, 563 U.S. 170 (2011).

[23] *Id.* at 202.

[24] *Id.* at 181–88.

[25] *Id.* at 181.

[26] *See, e.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003).

[27] *Id.*

[28] *Id.*

[29] *Id.* at 16.

4

facts of the case was not only incorrect but "objectively unreasonable."[30] When a state court's factual findings are challenged, the "unreasonable determination of fact" clause of 28 U.S.C. § 2254(d)(2) controls,[31] which requires federal courts to be "particularly deferential" to state court factual determinations.[32] This standard is not satisfied by a mere showing that the state court finding was "clearly erroneous."[33] Rather, AEDPA requires substantially more deference:

> [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.[34]

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence.

## Discussion

In his sole remaining claim, Ground 1, Downing argues that his Fourteenth Amendment right to due process was violated because the State proceeded with the disciplinary hearing to revoke sixty-five days of earned good-time credit without the testimony of Beem, whom Downing requested to call as a witness. Downing claims that the State "den[ied] [the] witness[] in an arbitrary manner."[35] Citing *Wolff v. McDonnell*,[36] the Nevada Supreme Court rejected that claim.[37]

In *Wolff*, the Supreme Court held that an inmate in similar proceedings has the due process

---

[30] *See, e.g., id.* at 18; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

[31] *See, e.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004).

[32] *Id.*

[33] *Id.* at 973.

[34] *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

[35] ECF No. 9 at 3.

[36] 418 U.S. 539 (1974).

[37] Exhibit 20 at 2 (citing *Wolff*, 418 U.S. at 563–69).

5

right "to call witnesses and present documentary evidence in his defense."[38] But it was careful to note that this right is not "unrestricted."[39] Indeed, the Court explicitly acknowledged that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits" and that they might do so for reasons such as "irrelevance, lack of necessity, or the [safety] hazards presented in individual cases."[40] "[T]he inmate's right to present witnesses is necessarily circumscribed by the penological need to provide swift discipline in individual cases."[41] In other words, the right to call witnesses is subject to "mutual accommodation" between correctional goals and individual rights.[42] As part of this "mutual accommodation," prison officials "may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify . . . by making the explanation a part of the 'administrative record' in the disciplinary proceeding."[43]

The administrative record provides the reasons Beem didn't testify.[44] The hearing officer approved Beem as a witness and deemed him relevant but "was unable to locate [Beem] because he was discharged [in 2009]. The hearing officer attempted to locate [Beem by] calling his next of kin with no success."[45] The hearing officer also checked with "the Mojave County Jail in Kingman Arizona as well as the Arizona Department of Correction. . . . Since Beem was unable to be present as a witness the hearing officer approved Downing to provide hearsay evidence on behalf of Beem."[46] From these facts, the state trial court concluded that prison officials "attempted to locate

---

[38] 418 U.S. at 566.

[39] *Id.*

[40] *Id.*

[41] *Ponte v. Real*, 471 U.S. 491, 495 (1977).

[42] *Id.* (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976)).

[43] *Id.* at 496.

[44] *See* Exhibit 17 at 17 (ECF-generated page number).

[45] *Id.*

[46] *Id.*

Beem to no avail and instead considered his written affidavit concerning the incident."[47] The Nevada Supreme Court concluded similarly.[48] I find that these factual conclusions were not unreasonable.

The Nevada Supreme Court held that Downing's due process rights were satisfied because "the prison disciplinary hearing officer attempted to contact the inmate-witness but could not find the witness after his discharge" and "considered the substance of the testimony that the witness would have offered."[49] Downing does not explain why the written affidavit was an inadequate substitute nor why the attempts to locate Beem were inadequate.[50] The Nevada Supreme Court's holding that a witness's unavailability after several different efforts by the State to locate the witness followed by admitting the witness's written affidavit does not amount to a due process violation was not contrary to, and did not involve an unreasonable application of, clearly established law. In fact, it seems to fall squarely in line with the Supreme Court's acceptance of giving prison officials "discretion to keep the hearing within reasonable limits"[51] and "to provide swift discipline in individual cases."[52]

Ground 1 provides no basis for habeas relief.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Downing's petition for a writ of habeas corpus is DENIED** on the merits, and this action is **DISMISSED with prejudice**.

Because reasonable jurists would not find this decision to be debatable or incorrect, IT IS FURTHER ORDERED that a **certificate of appealability is DENIED**. The Clerk of Court is

---

[47] Exhibit 19 at 2.

[48] *See* Exhibit 20 at 2.

[49] *Id.*

[50] *See* Exhibit 18 at 5 (describing any attempt to predict Beem's testimony as "postulating").

[51] *Wolff*, 418 U.S. at 566.

[52] *Ponte*, 471 U.S. at 495.

directed to **enter judgment in favor of respondents and against Downing** and CLOSE THIS CASE.

DATED August 9, 2017.

_____
Jennifer A. Dorsey
United States District Judge